

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2006

# USA v. Brantley

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3692

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Brantley" (2006). *2006 Decisions.* Paper 881.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/881

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-3692

UNITED STATES OF AMERICA

v.

WILLIAM BRANTLEY,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Judge: Honorable Freda L. Wolfson
District Court No.: 04-CR-00832

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 12, 2006

Before: BARRY, SMITH, and TASHIMA,[*] *Circuit Judges*

(Filed: June 19, 2006)

OPINION OF THE COURT

TASHIMA, *Circuit Judge.*

Defendant-Appellant William Brantley ("Brantley") was charged with bank

robbery by force or violence in violation of 18 U.S.C. § 2113. He entered into a plea

---

[*] The Honorable A. Wallace Tashima, Senior United States Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

agreement by which he agreed to cooperate with the government in exchange for the government's agreement to move for a downward departure based on Brantley's substantial assistance. Accordingly, both the government and Brantley requested a downward departure of approximately eight levels pursuant to U.S.S.G. § 5K1.1. At sentencing, however, the district court departed down only one level and sentenced Brantley to 144 months' imprisonment. Brantley appeals his sentence, arguing that the district court failed to apply the sentencing factors set forth in 18 U.S.C. § 3553(a) and that his sentence is unreasonable. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1), and we affirm.

## I.

On July 28, 2004, Brantley entered the Minotola National Bank in Bridgeton, New Jersey, and announced that he was robbing the bank. Brantley pointed his handgun at three different bank employees while demanding money. After receiving money, Brantley left the bank, got into a car driven by his co-conspirator, Reginald Sease, and went to the house of another associate, Aleatha Armstead, to clean off dye that had exploded on the money. Authorities arrested Brantley on July 30, 2004. He pled guilty to a one-count information charging him with bank robbery in violation of 18 U.S.C. § 2113. In his plea agreement, Brantley agreed to provide assistance to the government in exchange for the government's promise to inform the court of Brantley's assistance. The United States Probation Officer prepared the Presentence Investigation Report ("PSR"), which calculated an offense level of 29 and a criminal history category of VI, yielding a

2

Sentencing Guidelines range of 151-188 months.

The government moved for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), based upon Brantley's substantial assistance to the government. In a letter appended to its motion, the government recounted how Brantley had advised the government of his and his co-conspirators' roles in the offense. The government acknowledged that Brantley's information was "truthful, complete, and very valuable," and that it enabled the government to prosecute and convict Sease.

At the sentencing hearing, the government specifically requested a downward departure to a base offense level of 20 or 21. Brantley joined in the government's request for a departure; he also accepted responsibility and apologized to the bank teller who was present at the sentencing hearing.

In its sentencing decision, the court began by reciting the § 3553(a) factors and then turned to the § 5K1.1 analysis. The court observed that the § 5K1.1 factors were "largely met," and lacked only the "risk to family or to yourself." It then stated that it was "extremely troubled by the recommendation being made by the government," which would bring Brantley's sentence "into a six-year range" for "an armed robbery with a gun pointed at someone's head, more than one person." "When I look at the factors under 3553(a)," the court continued, "the nature and circumstances of this offense, and your history and characteristics which I just reviewed, they are abysmal." As for deterrence considerations, the court observed that Brantley had not "been deterred in the past when [he] served three, four years in prison or in a halfway house," and that "[a]nother five,

3

six-year term isn't going to help either." While cooperation with the government "should be rewarded in some way," the reward "has to be tempered by all the factors under 3553(a)." The court concluded by sentencing Brantley to 144 months in prison – a one-level downward departure – and three years of supervised release.

Shortly after the sentencing hearing, Brantley filed a motion for reconsideration of his sentence. In the motion, Brantley argued that the court failed to give adequate consideration to the personal danger he experienced as a result of his cooperation and failed to give adequate weight to the government's evaluation of the extent of Brantley's assistance. The court denied the motion, holding that it had sufficiently considered the government's evaluation and that evidence of personal danger to Brantley did not alter the sentence imposed. Brantley filed a timely notice of appeal.

## II.

As a threshold matter, the government contends that, after United States v. Booker, 543 U.S. 220 (2005), we lack appellate jurisdiction to review sentences that are within the Guidelines range. That contention, however, has been overtaken by United States v. Cooper, 437 F.3d 324 (3d Cir. 2006), in which we held that we have jurisdiction to review the reasonableness of sentences, even within the Guidelines range, because an appeal based on the "unreasonableness" of a sentence is an appeal asserting that the sentence was "imposed in violation of law" pursuant to 18 U.S.C. § 3742(a)(1). Id. at 327. We therefore have jurisdiction over Brantley's appeal, in which he contends that

his sentence was unreasonable.[1]

III.

We review a sentence for reasonableness whether the sentence lies within or outside the applicable Guidelines range.  Cooper, 437 F.3d at 330-31.  It is less likely for a sentence to be unreasonable when it is within the Guidelines range.  Id. at 331.  Such a sentence, however, is not *per se* reasonable, nor is there a presumption that it is reasonable.  Id. at 331-32.  "The record must demonstrate that the district court gave meaningful consideration to the § 3553(a) factors."  Id. at 329.  The appellant bears the burden of demonstrating that a sentence is unreasonable.  Id. at 332.

In determining whether the District Court acted reasonably in imposing a sentence, "we must first be satisfied the court exercised its discretion by considering the relevant factors."  Id. at 329 (citation omitted).  The District Court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing."  Id.  "There are no magic words that a district judge must invoke when sentencing, but the record should demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which

---

[1]  The government also contends that we lack jurisdiction to review the extent of the district court's downward departure.  But what Brantley seeks is an overall review of the reasonableness of his sentence and he "concedes that this Court lacks jurisdiction to review the extent of the district court's discretionary downward departure for substantial assistance in this case."  See Cooper, 437 F.3d at 332-33 (confirming pre-Booker case law that a district court's discretionary decision not to depart downward and the extent of such a departure remain unreviewable).

5

have recognized legal merit and factual support in the record." Id. at 332.

The record here demonstrates the District Court's sufficient consideration of the § 3553(a) factors. The court named the factors at the outset of its discussion. It then specifically justified its decision in light of the "nature and circumstance of the offense," Brantley's criminal history, and the need for adequate deterrence. See 18 U.S.C. § 3553(1), (2)(A)-(B). At Brantley's "young age" he was already a career offender, and had not been adequately deterred by previous short sentences. The court focused its attention on Brantley's treatment of innocent victims and his having pointed his gun at the victims' heads. In sum, the court stated that "[t]he sentence needs to reflect the seriousness of the offense and just punishment." This consideration of § 3553(a) factors satisfies the standard articulated in Cooper.

Brantley emphasizes the language in § 3553(a) that the sentence be "sufficient, but not greater than necessary, to comply with the purposes" of the § 3553(a) factors. He contends that the District Court violated this statutory language by "let[ting] its own aversion to lowering Brantley's sentence influence its analysis of what sentence constituted a 'sufficient, but not greater than necessary' sentence under §3553(a)." The District Court's decision, however, clearly hinged upon the necessity of giving a longer sentence, because the District Court believed that a lesser sentence would not be sufficient. Therefore, Brantley's argument that the sentence was "longer than necessary"

6

contradicts the core reasoning and language of the District Court.[2]

IV.

Exercising our jurisdiction to review Brantley's sentence for reasonableness, we conclude that the District Court carefully considered the § 3553(a) factors and that Brantley has not satisfied his burden of proving that his sentence was unreasonable in light of both the record and these factors. Accordingly, Brantley's sentence is **AFFIRMED.**

---

[2] It is also clear from the record that, absent the government's § 5K1.1 motion, the District Court was inclined to impose a sentence at the upper end of the Guidelines range due to the seriousness of the offense and Brantley's extensive criminal history. Thus, Brantley's sentence was reduced by as much as 44 months as a result of the § 5K1.1 motion.